**JP2367**

RECEIVED

2020 JAN 24 AM 10: 34

CITY ATTORNEY'S OFFICE

1/24/2020    10:32 Am

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LEE HOLMES,

    Plaintiffs,

Case No. 2020-000056-CA-01

vs.

CITY OF MIAMI BEACH,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO: CITY OF MIAMI BEACH,** through its registered agent:

        Mayor Dan Gelber
        1700 Convention Center Drive
        Miami Beach, FL 33139

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

1/7/2020

CLERK

DATE

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LEE HOLMES,

CASE NO.: 2020-000056-CA-01

Plaintiff,

vs.

CITY OF MIAMI BEACH,

Defendant.

_____/

## COMPLAINT

Plaintiff, LEE HOLMES (hereinafter "Plaintiff"), by and through the undersigned counsel,

hereby sues Defendant, CITY OF MIAMI BEACH (hereinafter "Defendant"), and in support avers

as follows:

## GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages, declaratory and injunctive relief and

damages under Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the

Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), and the

Americans with Disabilities Act ("ADA") to redress injuries resulting from Defendant's

unlawful conduct against Plaintiff.

2.    This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216.

3.    Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set

forth above together with attorneys' fees, costs and damages.

4.    Plaintiff was, at the time of the events leading up to this complaint, and continues to

be a resident of Broward County, Florida.

1

5.    Plaintiff was, at the time of the events leading up to this complaint, performing the duties of a Multiple Service Worker II in Miami Beach, Florida.

6.    Defendant was an "employer" pursuant to the FCRA and the ADA, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statutes, the FCRA and the ADA.

7.    At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the Florida Civil Rights Act of 1992.

8.    Venue is proper in Miami-Dade County because all of the actions complained of herein occurred within the jurisdiction of this Court.

9.    Plaintiff is an African American male individual and is a member of a class of persons protected from discrimination in his employment under the Florida Civil Rights Act of 1992 (FCRA).

10.   Plaintiff's son is an individual with a disability and thus Plaintiff is a member of a class of persons protected from associational disability discrimination in his employment under the ADA.

11.    Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and dual filed with the Florida Commission on Human relations, the agencies which are responsible for investigating claims of employment discrimination. Plaintiff additionally amended his charge of discrimination on September 4th, 2019 to include associational disability discrimination claims.

12.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff has been employed by Defendant from on or about June 5, 1997, and remains under Defendant's employment up to the filing of this complaint.

14. Plaintiff's position with Defendant before being transferred was that of a Multiple Services Worker II ("MSWII"). This was a skilled labor position which required Plaintiff to drive, perform landscaping services, among other various maintenance tasks requiring skilled manual labor.

15. Throughout his employment with Defendant, Plaintiff performed his duties in a satisfactory fashion.

16. Since the filing of a charge of discrimination with the EEOC in 2018, Plaintiff has experienced associational disability and race-based discrimination.

17. On or about the summer of 2019, Plaintiff's son attended summer camp at Muss Park in Miami Beach, a park owned and operated by Defendant.

18. After filing a charge of discrimination with the EEOC, Plaintiff's son began experiencing bullying and taunting by camp counselors at Muss Park Summer Camp.

19. Particularly troublesome to Plaintiff was the seventeen (17) year old camp counselor in charge of Plaintiff's son. The camp counselor was not adequately trained to deal with special needs individuals and was treating Plaintiff's son unfairly compared to other children at the camp.

20. The camp counselor wrote up Plaintiff's son for improper behavior multiple times, knowing that three (3) write ups would get Plaintiff's son kicked out of the summer camp.

21. Plaintiff brought his concerns regarding his son's unfair treatment to the attention of Camp Manager, Jacqueline Comptes ("Ms. Comptes"), and to the Human Resources Assistant Director, Marla Alpizar ("Ms. Alpizar").

3

22.  Ms. Comptes made Plaintiff an appointment to speak to Ms. Alpizar and was told an investigation would ensue.

23.  Plaintiff was never given an opportunity to speak to Ms. Comptes and was never informed about any investigation into his son's treatment.

24.  Instead, around two weeks after his complaints, on or about August 2, 2019, Plaintiff received a letter informing him that he had been transferred to the Public Works Sanitation Division.

25.  Ms. Alpizar, the Human Resources Director that Plaintiff complained to regarding his son's treatment, had knowledge of Plaintiff's charge of discrimination with the EEOC, and as Plaintiff's superior, has a say in the direction of Plaintiff's employment.

26.  The transfer to the Public Works Sanitation Division took place on August 13, 2019.

27.  Plaintiff was transferred from a skilled laborer position that included driving and other maintenance tasks involving skilled manual labor, to a position requiring little to no skill, picking up garbage.

28.  Additionally, during the dates of August 15, 2019 through August 27, 2019, Plaintiff began to receive pre-textual write ups for his attendance and also had his work hours reduced from forty (40) hours to thirty-five (35) hours.

29.  At Plaintiff's end of the year evaluation, Plaintiff was not told about his lack of attendance nor was he reprimanded for any poor performance.

30.  Plaintiff's transfer to the Sanitation Division was clear discrimination and retaliation for complaining to Human Resources regarding his son's disability discrimination and because of his race as a Black individual.

31.  Any reason given by the Defendant to justify Plaintiff's treatment is a mere pretext.

4

32. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Disability Discrimination in Violation of the ADA*

33.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 32 of this complaint as if set out in full herein.

34.     Plaintiff is a member of a protected class under the ADA.

35.     By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's close association with an individual who has a disability and subjected the Plaintiff to disability-based animosity.

36.     Such discrimination was based upon the Plaintiff's close association with an individual who has a disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has close association with an individual who suffered a disability.

37.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.     Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's close association with an individual who has a disability, and were unlawful and acted in reckless disregard of the law.

38.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

39.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

40.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived

of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

41.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

42.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

43.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

6

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Discrimination Based on Race in Violation of the FCRA*

44.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 32 of this complaint as if set out in full herein.

45.     At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race.

46.     The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

47.  The Plaintiff is an African American male and he possessed the requisite qualifications and skills to perform his position with Defendant.

48.  The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-African-American (*i.e.*: Hispanic & White) employees were allowed better work opportunities by being granted promotions with less qualifications, as well as not being subject to reassignments to lower level positions.

7

49.  As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

50.  Moreover, as a further result of the Defendant's unlawful race-based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

51.  Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

52.  Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

53.  The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

54.  The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

8

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

Dated: January 2nd 2019

Respectfully submitted,

*/s/:* Daniel J. Bujan .
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Ns@rgpattorneys.com
Daniel J. Bujan, Esq.
Florida Bar No.:1017943
Dbujan@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005